**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ANTHONY EARL BELL, JR., PLAINTIFF
ADC #146697

v. 5:14CV00096-JLH-JJV

L. KENNEDY, Sergeant, ADC Delta
Regional Facility Unit; *et al*. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I. INTRODUCTION

Anthony Earl Bell, Jr. ("Plaintiff") began this section 1983 action by alleging that Defendants had violated his rights under the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. No. 2 at 4.) Specifically, he states that he is a practicing Rastafarian and that his religion demands that he grow long hair and a beard. (*Id*.) Plaintiff claims that on October 28, 2013, adherence to this tenet of his religion placed him in violation of the Arkansas Department of Correction ("ADC") grooming policy and he was disciplined on this basis. (*Id*.)

Defendants have now filed a Motion for Summary Judgment ("Motion") (Doc. No. 27) seeking dismissal of all claims. Plaintiff has not responded and the deadline for doing so has passed.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

Pursuant to their Motion, Defendants argue that (1) Plaintiff's claims for injunctive relief are now moot; (2) there is no cognizable claim for damages; and (3) Defendants are entitled to qualified and sovereign immunity. I find, for the reasons stated hereafter, that Defendants' Motion should be granted.

### A. Claims for Injunctive Relief

Plaintiff's Complaint requested that a "preliminary and permanent injunction" be established which would prevent Defendants from punishing him for adhering to the hair length requirements which his faith mandates. (Doc. No. 2 at 5.) Defendants contend this claim for injunctive relief is now moot because Plaintiff was granted religious exemption from ADC standard grooming policy on March 18, 2015. (Doc. No. 27-4 ¶ 4.) Additionally, he has not been subject to any disciplinary action since October 29, 2014. (*Id.* ¶ 3.) Plaintiff has not offered argument or evidence to the

contrary. "In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012). Here, Plaintiff has effectively attained his desired injunctive relief in the form of the religious exemption. There is no indication that he is likely to be subject to future punishment for growing his beard or hair to the lengths appropriate for his faith. Accordingly, his claims for injunctive relief should be dismissed as moot.

**B. Official Capacity Claims**

Plaintiff sued Defendants Kennedy and Banks in both their official and personal capacities. (Doc. No. 2 at 2.) By contrast, Defendant Hobbs is being sued only in his official capacity. (*Id*.) It is settled law that an official capacity claim for damages against a state or municipal actor is akin to a claim against the state or municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Official capacity claims for damages against state employees are, therefore, barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Each of the Defendants is an employee of the ADC and Plaintiff's official capacity claims for damages against them will be dismissed on this basis.

**C. Qualified Immunity**

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than

a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Defendants contend that, at the time of the alleged violations, a reasonable official would not have known that enforcing the relevant ADC grooming policy was unlawful. I agree. At the time he was disciplined, the prevailing view in this circuit held that prison administrators were entitled to enforce grooming restrictions like the ones at issue here. *See Fegans v. Norris*, 537 F.3d 897, 907 (8th Cir. 2008). It was not until January 2015 when the United States Supreme Court decided *Holt v. Hobbs*, 135 S. Ct. 853, 190 L. Ed. 2d 747 (2015), that Defendants could reasonably have known that their actions violated Plaintiff's RLUIPA rights. They are, therefore, entitled to qualified immunity.

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

**D. Post-*Holt* Claims**

Defendants state that any claims arising from the period after *Holt*[2] was decided should also be dismissed. There is no indication that Plaintiff has raised any specific claims related to that period, however. Indeed, the record establishes that Plaintiff has not been subject to any disciplinary action since October 29, 2014. (Doc. No. 27-4 ¶ 3.) If Plaintiff is attempting to bring any claims related to this period, he may elaborate upon them in his objections to this recommendation.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court alter the docket to reflect that Defendant "L. Kennedy" is "Lena Kennedy" and "J. Banks" is "Jimmy Banks."

2. Defendants' Motion for Summary Judgment (Doc. No. 27) be GRANTED.

3. Defendants Lena Kennedy, Jimmy Banks, and Ray Hobbs be DISMISSED with prejudice.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 28th day of September, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Defendants specify that the relevant period for these claims is January 20, 2015 (the *Holt* decision) and March 18, 2015 (when Plaintiff was granted his grooming exemption).